**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN THE MATTER OF

DANIEL E. STEPHENSON and
JANET L. STEPHENSON and

Debtors-Appellants.

Case No. 11-cv-10848
Hon. Mark A. Goldsmith

________________________________/

**Opinion and Order Reversing Bankruptcy Court's Order Sustaining Trustee's Objections to Appellants' Claimed Exemptions**

## I. Introduction

This is an appeal from a final judgment of the United States Bankruptcy Court for the Eastern District of Michigan.[1] Appellants Daniel and Janet Stephenson jointly filed for Chapter 7 bankruptcy protection on August 23, 2010. In their bankruptcy disclosure, Appellants disclosed three individual retirement accounts inherited from Janet Stephenson's mother upon her death in 2008 (the "inherited IRAs"). Appellants sought to exempt these accounts from the bankruptcy estate pursuant to 11 U.S.C. § 552(d)(12), which provides exemptions for "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986."

On October 29, 2010, the Trustee, K. Jin Lim, objected to the exemption, arguing that (i) the accounts in question are not "retirement funds" covered by § 552(d)(12), and (ii) the accounts

[1] The Court has jurisdiction to hear appeals from a final judgment of the United States Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1).

are not "exempt from taxation" under the listed sections of the tax code. In a response dated February 4, 2011 to Trustee's reply brief dated January 18, 2011, Appellants argued that a majority of courts have held that inherited IRAs are exempt from the bankruptcy estate because funds from such accounts retirement funds are tax exempt pursuant to § 408 of the Internal Revenue Code ("IRC"). Following additional briefing, the Bankruptcy Court held a hearing on the matter on February 22, 2011.

The Bankruptcy Court agreed with the Trustee and found in an oral pronouncement and a subsequent written order that the inherited IRAs were not exempt under § 552(d)(12) (R. 10, 13). The Bankruptcy Court granted Appellants' oral motion to stay the turnover of the inherited IRAs to the Trustee pending this appeal (R. 12). Appellants filed a notice of appeal March 3, 2011 (Dkt. 1). Both parties have filed briefs on appeal, and the Court held a hearing on the matter on November 3, 2011. For the reasons that follow, the Court reverses the decision of the Bankruptcy Court and remands the case for further proceedings consistent with this Opinion and Order.

## II. Standard of Review

This matter on appeal deals solely with issues of law; accordingly, the Court reviews the Bankruptcy Court's decision de novo. In re Hurtado, 342 F.3d 528, 531 (6th Cir. 2003).

## III. Discussion

The Bankruptcy Code allows a debtor to exempt certain property from the bankruptcy estate. 11 U.S.C. § 522. Exemptions are to be construed by courts liberally in favor of the debtor, and the burden is on objecting parties to prove that an exemption is not validly claimed. Menninger v. Schramm (In re Schramm), 431 B.R. 397, 400 (B.A.P. 6th Cir. 2010). The exemption at issue is the retirement fund exemption provided under § 552(d)(12), quoted in full

above. This section requires a two-pronged analysis in determining whether an account contains exempt funds:

> First, the Court must determine whether the funds are "retirement funds." Second, if the funds are retirement funds, the Court must determine whether the funds are exempt from taxation under the applicable provisions of the Internal Revenue Code.

In re Chilton, 426 B.R. 612, 616 (Bankr. E.D. Tex. 2010), rev'd, 444 B.R. 548 (E.D. Tex. 2011).

Whether an inherited IRA satisfies these two prongs has been the subject of substantial litigation in a number of jurisdictions, and the Bankruptcy Court acknowledged a split in the case law in issuing its opinion. Feb. 22, 2011 Hearing Transcript at 4 (Rec. 10). There is no controlling authority in the Sixth Circuit on point, but the parties have sufficiently described the holdings of various other courts addressing these matters. See Doeling v. Nessa (In re Nessa), 426 B.R. 312 (8th Cir. BAP 2010) (exemption applies to inherited IRAs); In re Chilton, 426 B.R. 612 (Bankr. E.D. Tex. 2010) (inherited IRAs are not akin to traditional IRAs and are not exempt); In re Kuchta, 434 B.R 837 (Bankr. N.D. Ohio 2010) (following Nessa); In re Tabor, 433 B.R. 469 (Bankr. M.D. Pa. 2010) (following Nessa); In re Weilhammer, 2010 WL 3431465 (Bankr. S.D. Cal. 2010) (following Nessa); In re Thiem, 443 B.R 832 (Bankr. D. Ariz. 2011) (following Nessa); In re Clark, 450 B.R. 858 (Bankr. W.D. Wis. 2011) (following Chilton); Chilton v. Moser (In re Chilton), 444 B.R. 548 (E.D. Tex. 2011) (reversing previous Chilton decision and following Nessa and its progeny).[2]

[2] Several of these cases analyzed a related section of the Bankruptcy Code, § 522(b)(3)(C), which concerns federal exemptions for debtors who are otherwise claiming exemptions pursuant to state law, rather than § 522(d)(12), which concerns debtors, who – as in the instant case – claim exemptions solely under federal law. Nevertheless, these cases have noted that the exemptions provided in the two sections are identical, and thus the same analysis applies in determining whether an inherited IRA may be exempted. See, e.g., Kuchta, 434 B.R. at 843-844; Weilhammer, 2010 WL 3431465 at *4.

In reaching its decision sustaining the Trustee's objections, the Bankruptcy Court primarily relied on one of these cases, In re Chilton, from the United States Bankruptcy Court for the Eastern District of Texas:

> I do find the In re Chilton case to be an incredibly well-reasoned decision walking through all the sections of the Code. In fact, I almost just adopted an opinion that said see In re Chilton, but I felt it might be helpful to an appellate court to have a little bit more discourse on the subject. I'm just going to issue a ruling that says for the reasons set forth on the record, the trustee's objection to exemptions is granted.

Hearing Transcript at 14. In support of their argument that the Bankruptcy Court was wrong to rely on Chilton, Appellants note that that case was subsequently reversed on appeal by the United States District Court for the Eastern District of Texas, after the Bankruptcy Court issued its opinion. Chilton v. Moser (In re Chilton), 444 B.R. 548 (E.D. Tex. 2011). Further, argue Appellants, all other cases that addressed whether inherited IRAs are exempt under federal bankruptcy law, with the exception of In re Clark, have concluded that such accounts are indeed exempt.[3] The Trustee maintains that the Chilton bankruptcy court ruling and the Bankruptcy Court below were correctly reasoned.

In light of the weight of persuasive authority, the Eastern District of Texas's reversal of Chilton, and a recent ruling from another bankruptcy judge in this district, In re Kalso, No. 10-72587, 2011 WL 3678326, at *1 (Bankr. E.D. Mich. Aug. 19, 2011), the Court concludes that inherited IRAs are subject to exemption under § 552(d)(12). Accordingly, the Court reverses the Bankruptcy Court's ruling.

[3] Several cases have concluded that inherited IRAs are not exempt under various state exemption statutes, but as U.S. Bankruptcy Judge Walter Shapero explained in the recent decision in In re Kalso, No. 10-72587, 2011 WL 3678326, *1 (Bankr. E.D. Mich. Aug. 19, 2011), these cases are not relevant to our inquiry. See, e.g., In re Navarre, 332 B.R. 24 (Bankr. M.D. Ala. 2004) (inherited IRAs not exempt under state law); In re Ard, 435 B.R. 719 (Bankr. M.D. Fla. 2010) (same); In re Klipsch, 435 B.R. 586 (Bankr. S.D. Ind. 2010) (same).

**a. Inherited IRAs**

The first step in the inquiry is to determine whether funds in an inherited IRA are "retirement funds" within the meaning of the statue. In re Chilton, 426 B.R. at 616. While § 552(d)(12) only exempts "retirement funds," the statute does not require that the funds be the debtor's retirement funds. In re Nessa, 426 B.R. at 314. Limiting the exemption to funds the debtor herself contributed for retirement would "impermissibly limit the statue beyond its plain language." Id. This is precisely what the Bankruptcy Court did in interpreting the term "retirement funds" to exclude inherited IRAs. See Hearing Transcript at 12 ("An inherited IRA is not a retirement fund of the debtor's. . . . in my view, when you look at plain meaning, a retirement fund is a fund . . . that has been saved by a person for their retirement."). Accordingly, the Court concludes that the Bankruptcy Court's interpretation is erroneous.

The second step is to determine whether funds in inherited IRAs are exempt from taxation under the relevant sections of the IRC. Because a debtor is not taxed until funds are withdrawn from an inherited IRA, such funds must be considered tax exempt. In re Nessa, 426 B.R. at 315. The Trustee argues that because inherited IRAs (inherited from persons other than spouses) are subject to rules regarding distribution and contribution that are different from those that govern traditional IRAs, they are not tax exempt in the same way as traditional IRAs.[4] For example, non-spouse beneficiaries of inherited IRAs must withdraw all funds within five years following the year of the original owner's death. Internal Rev. Serv. Pub. 590, Cat. No. 15160X, at 35 (Jan. 7, 2010). Non-spouse beneficiaries also may not roll over funds into or out of

[4] An exception is where an IRA is inherited by a spouse, in which case the Internal Revenue Service allows the inherited IRA to be treated as a traditional IRA for tax purposes. Internal Rev. Serv. Pub. 590, Cat. No. 15160X, 18, 35 (Jan. 7, 2010). That is not the case here, where Appellant Janet Stephenson is a child of the original owner of the IRA.

inherited IRAs, unlike traditional IRAs. Id. at 18. However, the Nessa court rejected this argument and reasoned that "[i]t is irrelevant whether a traditional IRA and an inherited IRA have different rules regarding minimum required distributions." Doeling v. Nessa (In re Nessa), 426 B.R. at 315. Nessa and its progeny have based their conclusion on the language of § 408(e) of the IRC, which exempts "any individual retirement account" from taxation and does not distinguish between different types of IRAs, even if they have dissimilar distribution requirements. In re Nessa, 426 B.R. at 315; In re Thiem, 443 B.R at 845; In re Weilhammer, 2010 WL 3431465, at *4. Accordingly, the retirement funds in an inherited IRA are considered tax exempt under § 408 of the IRC and thus qualify for the § 522(d)(12) bankruptcy exemption.

In further support of its conclusion that inherited IRAs are exempt under § 552(d)(12), the Nessa court cited § 552(b)(4)(C), a statutory provision not mentioned by the Chilton bankruptcy court. This section states that a direct transfer of retirement funds from a fund or account that is exempt from taxation under § 408 of the IRC "shall not cease to qualify for exemption under paragraph (3)(C) or subsection (d)(12) by reason of such direct transfer." The district court in Chilton based its reversal of the bankruptcy court's decision on this section and "[f]or the reasons discussed at length by the Nessa, Tabor, Kuchta, Thiem, and Weilhammer courts." Chilton, 444 B.R. at 552.

The Trustee argues that the legislative history supports the notion that inherited IRAs are not meant to be treated equivalently to traditional IRAs for the purposes of bankruptcy exemptions, given that at the time § 552(d)(12) was enacted, inherited IRAs were immediately included as income, and only with the passage of the Pension Protection Act of 2006, Pub. L. No. 109-280 (2006), did Congress allow tax deferment for a limited period of time and in a limited manner. Trustee's Br. at 18-19. Similarly, the Bankruptcy Court reasoned that because

"[i]nherited IRA's are fundamentally different from traditional IRA's in both purpose and treatment under bankruptcy law," § 552(d)(12) should not be used to exempt inherited IRAs in the same manner as traditional IRAs. However, while Congress may or may not have considered the future effect on inherited IRAs when enacting the bankruptcy exemptions of § 552, it is clear that the plain meaning of the statutory language encompasses such accounts, for the reasons described above and in the cases cited. In interpreting statutes, this Court is governed by the language Congress used. Lamie v. U.S. Trustee, 540 U.S. 526, 535 (2004). Further, the Court notes that a recent ruling from a bankruptcy court in this district is in accord with the weight of authority following the statute's plain language. In re Kalso, No. 10-72587, 2011 WL 3678326.

Finally, Appellants acknowledge that one case, In re Clark, 450 B.R. 858 (Bankr. W.D. Wis. 2011), remains contrary to their position. That ruling, currently on appeal, does not persuade the Court that the overwhelming weight of authority was incorrectly decided, particularly in light of the Eastern District of Texas's reversal of Chilton and the recent authority in this district.

**IV. Conclusion**

For the reasons stated, the Bankruptcy Court's grant of the Trustee's objection is reversed.

SO ORDERED.

Dated: December 12, 2011
Flint, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 12, 2011.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager